IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-cv-00528-WYD-KLM

BBVA COMPASS INSURANCE AGENCY, INC.

Plaintiff,

v.

DARRELL C.R. OLSON, II;
LANCE M. OLSON;
OLSON & OLSON INSURANCE SERVICES, INC.;
STEVEN HARTLE;
MICHAEL CLARK; and
GEORGE BOWDOURIS, JR.

Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

Plaintiff BBVA Compass Insurance Agency, Inc., through its attorneys Greenberg Traurig, and all Defendants through their attorneys, The Overton Law Firm, hereby stipulate and agree as follows, and the Court, having been fully advised, hereby orders as follows:

A. All production and disclosure of "Confidential Information" – as defined in paragraph B, below – shall be governed by this Order.

B. "Confidential Information" (including as a subset any documents marked "Attorneys' Eyes Only") as used herein means any information that qualifies for protection under standards developed under F.R.C.P. 26(c) that is designated as sensitive by the disclosing party including, but not limited to, printed documents, computer disks or other electronic media, information contained in documents or electronic media, information revealed during depositions, and information

revealed in interrogatory answers. Confidential Information does not include information that was in the public domain before disclosure to the non-producing party, or that becomes part of the public domain after disclosure to the non-producing party through no action or fault of the non-producing party.

C. The **"Confidential – Attorneys' Eyes Only"** designation ("AEO designation") shall be limited to confidential material that contains or comprises sensitive accounting, financial, product, marketing, customer or commercial information which, if known to the other party, even subject to the non-disclosure provisions of this Order, would expose the producing party to competitive harm or a substantial risk of serious injury that could not be avoided by less restrictive means.

D. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

E. Confidential Information may be used only for and in this litigation, including any appeals, among the parties and individuals set forth in Sections I and J below. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity

or government agency unless compelled to do so by court order or as otherwise permitted by this Protective Order. The Parties agree that any party may use its own Confidential Information for any purpose whatsoever.

F. All Confidential Information shall be marked by placing on the initial page or cover of a multi-page document (including deposition transcripts), one of the following designations, or a designation containing the same information, but in a different format:

   1. "CONFIDENTIAL"; or

   2. "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

   In lieu of marking the original documents, the party may mark the copies that are produced or exchanged.

G. Any party objecting to the designation of any information as Confidential Information shall clearly state the basis for the objection in a letter to counsel for the party making the designation. If the parties are unable to resolve the objection within ten (10) business days after receipt of the objection, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the initial confidential designation. Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be assumed to be properly designated, and shall be subject to the terms of this Order. The party making the designation in question shall bear the burden of establishing that good cause exists for the initial confidential designation. Unless a prompt challenge to a

designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

H. If a party disputes an Attorneys' Eyes Only designation, each party agrees to first attempt to resolve the dispute by redacting portions of the document designated Attorneys' Eyes Only in order for the document(s) to be designated Confidential.

I. Confidential Information shall not be disclosed to any person or entity other than:

   1. The Parties and those corporate parties' officers, directors, and employees with a need to know the Confidential Information for purposes of assisting in the above-captioned action.

   2. Corporate (in-house) and outside attorneys for each party actively engaged in this litigation and law clerks, paralegals, office clerks, and secretaries working under their supervision;

   3. Any witness with prior knowledge of the designated Confidential Information and/or prior or current possession of the documents to be disclosed, subject to execution of Exhibit A;

   4. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to execution of Exhibit A;

5. Any court reporter engaged in connection with this matter (or any of his or her staff or employees);
6. Court personnel involved in this litigation; and
7. Any other person with the express consent of the designating party.

J. Access to any document marked "Confidential – Attorneys' Eyes Only" received by the non-producing party shall be restricted to the following persons:

1. The outside attorneys for each party actively engaged in this litigation and law clerks, paralegals, office clerks, and secretaries working under their supervision;
2. Experts retained by a party, or his or its counsel, subject to their execution of Exhibit A;
3. Any court reporter engaged in connection with this matter (or any of his or her staff or employees);
4. Court personnel involved in this litigation; and
5. Defendants (to the extent the designated information is alleged to have been in the possession, custody and/or control of any or all of the Defendants).

K. To the extent that any filing with the Court would reveal or tend to reveal any Confidential Information protected by this Order, any such Confidential Information shall be filed separately under seal, with a copy of this Order attached thereto, in compliance with Local Rule 7.2.

L. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Confidential – Attorneys' Eyes Only" does not,

standing alone, waive the designating party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Confidential – Attorneys' Eyes Only" after the material was initially produced, the receiving party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

M. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute Exhibit A.

N. The inadvertent disclosure to another party of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as a privileged attorney/client communication or as attorney work product shall not constitute a waiver of any privilege or otherwise affect the right to withhold from production as privileged or work product any other documents or information, even though such documents or information may relate to the same or a related transaction or subject matter as the document inadvertently disclosed.

O. Nothing herein shall preclude the non-producing party from requesting the Court to determine whether the document or information is privileged or work product information. Subject to the terms and conditions of Section C above and in the

event that the non-producing party intends to challenge the claim of privilege, the non-producing party may retain a copy of such document for such purposes.

P. This Order shall continue to be binding throughout and after the conclusion of the trial, including any appeal thereof. Upon final termination of this matter, whether by judgment, settlement, or otherwise, all Confidential Information (and any copies thereof) shall be returned, upon request, to the party who produced such material. All briefs, pleadings, or other filings with the Court, or attorney work product which incorporates or discloses Confidential Information may remain in the possession of counsel, and need not be destroyed, but shall remain subject to this Order.

Q. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial. If another court or an administrative agency subpoenas or orders production of Confidential Information which a Receiving Party has obtained under the terms of this Protective Order, such party shall promptly notify the Producing Party (of such Confidential Information) before complying with said request. Notwithstanding anything to the contrary herein, any party may freely disclose its own Confidential Information material in any manner it chooses, including to third parties, without impairing the obligations imposed by this Protective Order upon others.

R. The terms of this Order may be modified only by written agreement of counsel for the parties or by further order of the Court.

S. The Parties agree that this agreement does not constitute a global waiver by any party as to whether any Confidential Information is discoverable, but rather is a mechanism by which Confidential Information that is disclosed is prevented from being used for any purpose outside this litigation by any party.

**IT IS SO ORDERED.**

Dated this 27th day of May, 2010.

BY THE COURT:

U.S. ~~District~~ Court Judge
Magistrate

**STIPULATED AND AGREED BY:**

*/s Dan S. Cross*
Dan S. Cross
The Overton Law Firm
1080 Kalamath Street
Denver, CO 80204
dan.cross@overtonlawfirm.com

ATTORNEYS FOR DEFENDANTS

*/s Jeannette M. Brook*
Jeannette M. Brook
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, CO 80202
brookj@gtlaw.com

ATTORNEYS FOR PLAINTIFF

## EXHIBIT A

I, ______________________________________________, state that:

1. My address is:

   ______________________________________________________.

2. My present employer is:

   ______________________________________________________.

3. My present occupation or job description is:

   ______________________________________________________.

4. I have received a copy of the Protective Order in *BBVA Compass Insurance Agency, Inc. v. Lance Olson, et. al.,* Civil Action No. 1:10-cv-00528-WYD-KLM, in the United States District Court for the District of Colorado.

5. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions, including holding in confidence and not disclosing to anyone not qualified under the Protective Order, any Confidential Information.

6. I hereby consent to be subject to personal jurisdiction in the United States District Court for the District of Colorado with respect to any proceeding relative to the enforcement of the Protective Order.

________________________________
Signature

Date: __________________________