IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00528-WYD-KLM

BBVA COMPASS INSURANCE AGENCY, INC.

Plaintiff,

v.

DARRELL C.R. OLSON, II;
LANCE M. OLSON,
OLSON & OLSON INSURANCE SERVICES, INC.,
STEVEN HARTLE,
MICHAEL CLARK, and
GEORGE BOWDOURIS, JR.,

Defendants.
_____

**ORDER REGARDING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**
_____

This matter is before the Court on Plaintiff's oral Motion for Protective Order regarding Defendants' Requests for Production Nos. 4, 5, 9, 10, 11, 14, 18 and 19 (the "Motion"). The Court held a hearing on the Motion on September 24, 2010 and invited further briefing by the parties. I have reviewed BBVA Compass Insurance Agency, Inc.'s Submission Regarding Over Breadth and Burden of Defendants' Discovery Requests [Docket No. 86; Filed September 24, 2010] ("Plaintiff's Brief") and Defendants' Response to Plaintiff's Submission Regarding Over Breadth and Burden of Defendants' Discovery Requests [Docket No. 89; Filed October 4, 2010] ("Defendants' Response"), the case file, the applicable law, and am fully advised in the premises. For the reasons set forth below, the Motion is **GRANTED in part and DENIED in part**.

**A. Background**

1

Plaintiff asserts claims for misappropriation of trade secrets, breach of fiduciary duty, breach of the duty of loyalty and breach of contract, among others, against Defendants relating to a soured business relationship. Briefly, Plaintiff bought an insurance business in 2002 from members of the Olson family. Brothers Darrell and Lance Olson, who are individual Defendants, continued to work for Plaintiff after the acquisition. Darrell resigned more than seven years later, after unsuccessfully attempting to buy back the business. Lance's employment with Plaintiff was terminated shortly thereafter. Plaintiff alleges that the Olson brothers subsequently formed a competing business (Defendant Olson & Olson Insurance Services, Inc.), stole trade secrets, and unlawfully solicited Plaintiff's employees and customers. *Complaint* at pp. 1-7.

The disputed Requests for Production seek communications between Plaintiff and the individual Defendants (No. 4), records relating to the staffing of Plaintiff's Denver office (No.5), valuations of Plaintiff (No. 9), communications by certain named non-parties relating to Plaintiff's Denver office (No. 10), communications by the individual Defendants (No. 11), and customer or client files (Nos. 14, 18 and 19). The parties address only the Requests relating to customer or client files in their briefs. Plaintiff makes no showing as to alleged undue burden or over breadth regarding Defendants' Requests for Production numbered 4, 5, 9, 10 and 11. Accordingly, to the extent that Defendants' Requests for Production of documents numbered 4, 5, 9, 10 and 11 remain in dispute, Plaintiff's Motion for Protective Order is **denied.** Defendants' Requests for Production numbered 14, 18 and 19 are addressed below.

### B. Analysis

1. **Applicable Law**

While the standard for permissible discovery is purposefully broad, it is not without limitation. *See* Fed. R. Civ. P. 26(c). The Court may prohibit discovery "to protect a party or any person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Further, discovery which is duplicative or unduly burdensome should not be permitted. *See id.* 26(b)(2)(C); *see also SEC v. Nacchio*, No. 05-cv-00480-MSK-CBS, 2008 WL 4087240, at *3 (D. Colo. Oct. 19, 2008) (unpublished decision). I am also obligated to prohibit discovery which will subject the producing party to undue financial expense. *See* 1993 Advisory Committee Notes to Fed. R. Civ. P. 30(a)(2)(A) (recognizing that counsel have a professional responsibility to pursue discovery in a cost-effective way). Moreover, Fed. R. Civ. P. 26 requires that the Court limit discovery when it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or when "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(I) and (iii).

Plaintiff, as the objecting party, has the burden of showing that the discovery requested is objectionable. *Klesch & Co. v. Liberty Media Corp.,* 217 F.R.D. 517, 524 (D. Colo. 2003). If the objecting party claims that a discovery request is unduly burdensome, the alleged burden must usually be established "by affidavit or other reliable evidence." *Hertz v. Luzenac Am., Inc.,* No. 04-cv-1961-LTB-CBS, 2006 WL 994431, at *12 (D. Colo. Apr. 13, 2006) (unpublished decision) (citing *Burton Mech. Contractors, Inc. v. Foreman*, 148 F. R. D. 230, 233 (N. D. Ind. 1992)).

**2.    The Parties' Arguments**

Plaintiff asserts that Defendants' requests for its customer files should be denied

3

because of the time, manpower and expense that would be expended to compile and produce the files. Plaintiff represents that taken together, Defendants' Requests for Production numbered 14, 18 and 19 seek forty client files which do not exist in paper format, but would have to be compiled from "hard copy documents and electronically stored information." Plaintiff asserts that some parts of the files are located in boxes stored at an off-site storage facility, other parts may be in employees' separate offices, and other parts may be on employees' separate computers, which would require "a search of archived electronic information." The Operations Manager of Plaintiff's Denver office estimates that the manpower necessary to complete the search for the files requested by Defendants "could exceed 400 hours." *Plaintiff's Brief* at 2-3, Exh. A.

Defendants note that Plaintiff has alleged that the Olson brothers behaved poorly while still employed by Plaintiff, in that they delayed acting on client needs until they set up their own competing business. Plaintiff also alleges that Lance, while employed by Plaintiff, sent clients to his brother's competing business and intentionally provided poor service to Plaintiff's clients. *Defendants' Response* at 2; citing *Second Amended Complaint* at ¶¶ 51-57. Accordingly, Defendants assert that they need to see complete customer files in order to "show what efforts were undertaken by Lance Olson and Darrell Olson, and the other Defendants, on behalf of BBVA." Defendant baldly asserts that "there is no other source of the requested information." *Id.* at 3. With respect to the issue of the burden on Plaintiff of producing the client files, Defendants argue that pursuant to this Court's holding in other cases, the effort required by Plaintiff to compile the files is not burdensome by definition, the fact that the information has not been compiled does not relieve Plaintiff of the burden to do so, and because the unlawful acts which Plaintiff alleges would be at least partially

4

refuted by or revealed in its client files, Plaintiff should bear the burden of compiling the requested documents. *Id.* at 4.

At oral argument on the Motion, Defendants contended that they needed the client files to gather evidence that Plaintiff's clients were independently dissatisfied with Plaintiff to the point where they chose to change insurance brokers; i.e., they were not lured away from Plaintiff by Defendants. The Court pointed out that Defendants have already represented that they have fifteen affidavits from clients who aver that they were dissatisfied with Plaintiff and changed insurance brokers of their own accord, and that as a result information from client files would be duplicative and is unnecessary. *See Response to Motion for Preliminary Injunction* at 2. Defendants did not repeat this argument in their *Response.* Nevertheless, Plaintiff contends that Defendants' Requests are over broad, in that "routine documents pertaining to clients' insurance policies will not reflect any information about whether a client was pleased with his or her service." Instead, Plaintiff contends that Defendants should be satisfied with a search for "client communications through a focused forensic examination of the electronic records." *Plaintiff's Brief* at 4-5.

Finally, because its client files are "confidential," Plaintiff contends that "any components of the client files that may be produced by Compass should be strictly 'for attorneys' eyes only' and not viewed by Defendants' themselves." *Id.* at 5-6. Defendants assert that the files are not confidential because "all the requested client files are for clients that Defendants are alleged to have provided poor service to or taken from [Plaintiff]." Defendants point out that even if the files are confidential, "there is a Protective Order in this action." *Defendants' Response* at 3-4.

5

3.  **Findings and Conclusions**

According to Plaintiff's undisputed evidence, the burden of producing forty client files is substantial in terms of manpower alone. Compared to that burden, Defendants' alleged need for the files simply does not measure up, for the following reasons.

First, Defendants do not need the files to show that certain clients chose to sever their business relationship with Plaintiff voluntarily. By their own admission, they have ample evidence, in the form of affidavits, to establish that fact. Accordingly, production of the files would be duplicative.

Second, Defendants do not need the files to show that they performed certain work for clients before their employment with Plaintiff ended. Contrary to Defendants' unsupported assertion, other sources of such information exist. For example, the individual Defendants can testify about the efforts they made for clients before their departure. Moreover, the clients for whom Defendants performed such work can so testify.

The burden on Plaintiff of creating the files and producing them to Defendants is heavier than Defendants' alleged need for the files warrants. The holding in *Medcorp, Inc. v. Pinpoint Technologies, Inc.*[1] is distinguishable. Although the objecting party in *Medcorp* claimed that the discovery requests at issue were unduly burdensome, it "failed to meaningfully substantiate" the contention. The court pointed out that it was the objecting party's burden to show why a discovery request is objectionable, "and that burden cannot be sustained merely by asserting 'boilerplate claims that the requested discovery is oppressive [or] burdensome....'" *Id.* at * 2 (citing *Klesch & Co. v. Liberty Media Corp.*, 217

---

[1] 08-cv-00867-MSK-KLM, 2009 WL 1049758 (D. Colo. Apr. 20, 2009) (unpublished decision).

F. R. D. 517, 524 (D. Colo. 2003)).  Here, Plaintiff has provided an affidavit which attests that Plaintiff will expend between 200 and 400 hours to compile the requested files.  Plaintiff has therefore sustained its burden of substantiating its contention regarding burdensomeness of the disputed discovery.  Moreover, the Court held in *Medcorp* that "discovery cannot be avoided merely because it requires research or compilation *unless* the burden rises to the level of undue burden or oppression."  *Id.* at *3 (citing 8A Charles Alan Wright et al., *Federal Practice & Procedure* § 2174, at 306-09 (2d ed. 1994) (emphasis added).  Again, the burden on Plaintiff in this case rises to the level where compilation of the responsive information would be inappropriate.  Accordingly, the Motion for Protective Order regarding Defendants' Requests for Production numbered 14, 18 and 19 is **granted.**

**4. Expenses**

Pursuant to Fed. R. Civ. P. 26(c)(3), "Rule 37(a)(5) applies to the award of expenses" on a Motion for Protective Order.  Fed. Rule Civ. P. 37(a)(5) specifies that the reasonable expenses incurred in making the motion must be awarded to the prevailing party, unless the motion was substantially justified or other circumstances make an award of expenses unjust.  Because the Motion for Protective Order is granted in part and denied in part, I decline to award expenses to either party.

Dated: October 12, 2010

                                             /s/   Kristen L. Mix
                                             Kristen L. Mix
                                             United States Magistrate Judge